IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FERNANDO BARRAZA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-15-2567** |
| | § | |
| **KING UTMB EMPLOYEE, et al.,** | § | |
| **Defendants.** | § | |

### DEFENDANT KING'S MOTION FOR SUMMARY JUDGMENT

#### I.
#### STATEMENT OF THE CASE

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his health in violation of the Eighth Amendment. Plaintiff alleges that Defendant Latabita King deliberately caused pain and suffering to Plaintiff instead of providing him proper medical care. Plaintiff seeks monetary relief.

#### II.
#### MOTION FOR SUMMARY JUDGMENT

Defendant asserts that there are no genuine issues of material fact for trial and requests that this Court grant summary judgment in her favor pursuant to Federal Rule of Civil Procedure 56(b). In support of her motion, Defendant relies on the following:

**Exhibit A:**   TDCJ Grievance No. 2015144280, with business records affidavit.

#### III.
#### STATEMENT OF MATERIAL FACTS

1. Plaintiff was an inmate of the Texas Department of Criminal Justice (TDCJ) at all times relevant to this case.

1

2.     Defendant was employed by The University of Texas Medical Branch (UTMB) at all times relevant to this case.

3.     On April 30, 2015, Plaintiff arrived for routine dialysis at the Estelle Unit.[1] Initiation of the treatment was unsuccessful, and a nurse was immediately summoned to monitor Plaintiff.[2]

4.     After 1.5 hours of monitoring by a registered nurse, it was noted that Plaintiff's condition was worsening, and he was transferred to a local hospital for treatment.[3]

5.     An investigation in response to Plaintiff's grievance determined that the failed dialysis initiation was a common occurrence, and not the result of any deliberate act.[4] It was further determined that Plaintiff was never treated by Defendant, at any point, during the course of the complained of incident.[5]

## IV.
## LEGAL ISSUES

1.     Whether Plaintiff has overcome Defendant's entitlement to qualified immunity for the claims against them in their individual capacities.

2.     Whether Plaintiff has established any deliberate indifference claim.

---

[1] Exhibit A at 8.

[2] Id.

[3] Id.

[4] Id.

[5] Id. at 31.

## V.
## ARGUMENT

### A. Summary Judgment Standard

Summary judgment should be granted when the moving party conclusively establishes that there is no genuine issue of material fact.[6] There is no issue for resolution at trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.[7] The moving party may satisfy its burden by negating the existence of an essential element of the nonmoving party's case.[8] Alternatively, if the moving party will not bear the burden of proof at trial on a particular issue, it may meet its initial burden merely by pointing out the absence of evidence supporting that element of the nonmoving party's case.[9]

Once the moving party has carried its burden, the burden shifts to the nonmoving party to show that summary judgment is not appropriate.[10] The nonmoving party cannot discharge its burden by alleging mere legal conclusions or unsubstantiated assertions; it must present affirmative evidence in order to defeat a properly supported motion for summary judgment.[11]

---

[6] FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).

[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

[8] Celotex Corp., 477 U.S. at 325.

[9] Id.; Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996); Transamerica Ins. Co. v. Avenall, 66 F.3d 715, 718-719 (5th Cir. 1995).

[10] Exxon Corp. v. Baton Rouge Oil, 77 F.3d 850, 853 (5th Cir. 1996).

[11] Anderson, 477 U.S. at 249-250; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B. **Qualified Immunity**

    1.    **Standard**

Defendant is entitled to qualified immunity to the extent that Plaintiff is suing her in her individual capacity. The Fifth Circuit recognizes qualified immunity as an important shield for government officials:

> A state official exercising discretionary authority whose conduct deprives another of a right secured by federal constitutional or statutory law is nonetheless shielded from personal liability for damages under Section 1983 by the doctrine of qualified immunity, unless at the time and under the circumstances of the challenged conduct all reasonable officials would have realized that it was proscribed by the federal law on which the suit is founded.[12]

Defendant is presumptively entitled to qualified immunity, and it is Plaintiff's burden to overcome this presumption.[13]

To overcome Defendant's immunity, Plaintiff must: 1) state a claim for violation of a constitutional right; 2) show that the constitutional right was established at the time of the actions at issue; and 3) demonstrate that Defendant's conduct was objectively unreasonable in light of the legal rules clearly established at the time of their actions.[14] Plaintiff may not satisfy these requirements with conclusory allegations of wrongdoing.[15]

A court required to rule upon the qualified immunity issue should consider the threshold

---

[12]    Dudley v. Angel, 209 F.3d 460, 462 (5th Cir. 2000).

[13]    Salas v. Carpenter, 980 F.2d 299, 305 (5th Cir. 1992); see also McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002).

[14]    Thomas v. City of Dallas, 175 F.3d 358, 364 (5th Cir. 1999).

[15]    Geter v. Fortenberry, 849 F.2d 1550, 1553 (5th Cir. 1988).

question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[16] If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiry into the issue of qualified immunity.[17] As illustrated below, Plaintiff's Eighth Amendment claims are not cognizable. Plaintiff, therefore, fails the qualified immunity analysis on the first element.

Assuming *arguendo* that the Court finds a violation of Plaintiff's constitutional rights, this is not enough to overcome Defendant's qualified immunity. The Court must also determine whether Defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known.[18] In order for the law to be classified as "clearly established," the case law must draw a bright line: "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what Defendant is doing violates federal law in the circumstances."[19]

Even if the official's conduct violated a clearly established constitutional right, the Court still must determine whether Defendant's actions were objectively unreasonable in light of the law as it existed at the time the conduct occurred and in light of the information that they possessed.[20]

---

[16]  Saucier v. Katz, 533 U.S. 194, 201 (2001)(The Court is free to independently analyze and rule on either element of the qualified immunity analysis pursuant to Pearson v. Callahan, 555 U.S. 223 (2009)).

[17]  Id.

[18]  Id.

[19]  Sorenson v. Ferrie, 134 F.3d 325, 328, 330 (5th Cir. 1998).

[20]  Anderson v. Creighton, 483 U.S. 635, 641 (1987); see also Valencia v. Wiggins,

"Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment."[21]  Additionally, if reasonable public officials could differ on the lawfulness of Defendant's actions, Defendant is entitled to qualified immunity.[22]

Plaintiff has failed to create a fact question over whether Defendant's alleged conduct violated Plaintiff's constitutional rights or whether Defendant's conduct was objectively unreasonable. Defendant's entitlement to qualified immunity is thus preserved.

### 2. Deliberate Indifference

To establish a deliberate indifference claim against Defendant, Plaintiff must show that he has suffered a deprivation which is "sufficiently serious" from an objective point of view.[23] Defendant's actions must have deprived Plaintiff of "the minimal civilized measure of life's necessities."[24] Plaintiff must show that, with a "sufficiently culpable state of mind," Defendant recklessly and wantonly ignored a known threat to Plaintiff's health or safety.[25] "Deliberate indifference is an extremely high standard to meet."[26]

---

981 F.2d 1440, 1448 (5th Cir.).

[21] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

[22] Southard v. Texas Bd. Of Criminal Justice, 114 F.3d 539, 550 (5th Cir. 1997).

[23] Farmer v. Brennan, 511 U.S. 825, 834 (1994).

[24] Id.

[25] Id. at 835-36.

[26] Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

In assessing a deliberate indifference claim under the Eighth Amendment, "it is the obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or returning order to a tumultuous cellblock."[27] Deliberate indifference is more than negligence in failure to adequately provide medical treatment, and it is more than disagreement with medical judgment, misdiagnosis, or even malpractice.[28] "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."[29]

The evidence demonstrates that Plaintiff and Defendant were not even in contact during the incident in question.[30] There is zero evidence, beyond Plaintiff's self-serving allegations, that Defendant ever laid a hand on Plaintiff, let alone caused him any harm. The evidence does demonstrate, however, that other medical providers attempted to care for Plaintiff on April 30, 2015; that they encountered a routine complication in doing so; and when they exceeded their own capacity to care for Plaintiff, they procured for him the care he required.[31] Plaintiff's claims are factually false, whether lodged against Defendant or anyone else.

Even if any person, including Defendant, failed to provide adequate medical treatment as

---

[27] Whitley v. Albers, 475 U.S. 312, 319 (1986).

[28] See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Gibbs v. Grimmette, 254 F.3d 545, 549 (5th Cir. 2001); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

[29] Estelle, 429 U.S. at 106.

[30] See Exhibit A.

[31] Id.

7

alleged, the evidence demonstrates that such conduct does not rise to the level of a constitutional claim. Plaintiff's claim amounts at most to negligence or medical malpractice. There is no evidence of recklessness or wantonness, or that Defendant or anyone else otherwise acted with a "sufficiently culpable state of mind.[32]

### 3. Conclusion

Given the competent summary judgment evidence, Plaintiff lacks a cognizable factual basis for his Eighth Amendment claims, and has therefore failed to meet the first element of the qualified immunity analysis. Plaintiff also lacks any evidence of objective unreasonableness in Defendant's actions. Defendant is therefore entitled to qualified immunity as to all claims, and this case should be dismissed.

## VI. PRAYER

Defendant King respectfully requests that this Court grant her motion for summary judgment and dismiss all claims with prejudice.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

---

[32] Farmer, 511 U.S. at 834.

/s/ *CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628
Southern District No. 1021745

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)
(512) 936-2109 (Fax No.)

**ATTORNEYS FOR DEFENDANT KING**

**NOTICE OF ELECTRONIC FILING**

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing in accordance with the Electronic Case Files system of the Southern District of Texas, on this the 26th day of April, 2019.

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General, do hereby certify that a true and correct copy of the foregoing has been served by placing the same in the United States Postal Service, postage prepaid, on this the 26th day of April, 2019, addressed to:

Fernando Barraza, No. 00825835
Estelle Unit
264 FM 3478
Huntsville, TX 77320-3320
Plaintiff *pro se*

*/s/CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General